JOSEFA VÁZQUEZ COLÓN, Plaintiff and Appellant, *v.* CARLOS DÍAZ, Defendant and Appellee.

No. 6990. Argued March 17, 1937.—Decided March 31, 1937.

*Miguel A. Guzmán Texidor* for appellant. *Adolfo Porrata Doria* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Josefa Vázquez Colón brought the present suit to recover the possession of a property which is described in the complaint, and alleged substantially the following facts: That she acquired the said property in June 1931, and that since that time she has been in possession of the same uninterruptedly; that on May 11, 1934, the defendant Carlos Díaz violently entered the said property against the will of its owner, and occupied a portion thereof which is also described in the complaint; that the defendant is performing acts of ownership consisting in the preparation and trituration of the soil and the preparation thereof for a plantation, thereby preventing the plaintiff from continuing in the free posses-

sion and enjoyment of the said parcel of land, the defendant having refused to vacate the said parcel despite the steps taken by the plaintiff to that effect. The defendant denied the facts set forth by the plaintiff and after the introduction of the evidence, the lower court dismissed the complaint with costs against the losing party.

The plaintiff urges that the District Court of Guayama erred in deciding and considering this case as one involving a question of ownership and not a question of possession, and in weighing the evidence with prejudice and passion, the judgment rendered being contrary to law and to the evidence introduced.

We have carefully examined the testimonial evidence produced by both parties. Six witnesses testified for the plaintiff and eight for the defendant. The evidence is conflicting. In a well-reasoned opinion the judge of the lower court, after summarizing the testimony of the witnesses, says:

"The most illuminating testimony produced in this case is that of Marcelo Cruz, the person who sold to Josefa Vázquez, the plaintiff, and who tells us that the three acres are not comprised in the land of Doña Josefa, and that they are possessed by the defendant Carlos Díaz. This witness, who knows the property which he sold, as well as the location of its boundaries, is the person best authorized, in our opinion, to give information in the present case. Another testimony which merits our preferential attention is that of Mr. López de Victoria, an engineer who surveyed the property of the defendant Díaz, and he assures us that the latter was in possession of the three acres, and that the landmarks are now in the same place in which they were marked on the plan when the survey (*mensura*) was made. Moreover, there is a detail in the evidence relating to the existence of a wire in the boundary line between the lands of the defendant Díaz and those of the plaintiff Josefa Vázquez, which has been denied by the plaintiff and explained by the witnesses on her side by stating that the wire had been placed there as a fence for a horse, and it seems to us a very great coincidence that the fence should have been erected in the same place on which both properties are said to abut. This evidence, together with the other statements

of the defendant, makes us doubt a great deal as to the plaintiff having been in the actual possession of the piece of land of three acres, since in spite of the fact that the property has been under her control for three years, we have not been told what acts of possession she has performed in the said land, but merely that she was in possession thereof; however, there is no evidence that she has cultivated, planted, or weeded the said piece of land, which acts would be the ones constituting and showing in a clear and definite manner, the fact of possession on her part. On the other hand, we find the defendant Carlos Díaz in a constant actual possession, that is, cultivating and tilling the land in question, not only at present but for a long time in the past, which is obvious proof of an actual possession on his part. If we examine all the evidence introduced, it seems to us that a question of ownership rather than of possession is involved herein. The properties of the plaintiff and of the defendant are adjoining, and the dispute between the litigants is as to whether the piece of land of three acres forms part of one or the other property, a question which in our opinion cannot and should not be determined in a proceeding of the nature of an injunction to recover possession, in which only possession and not dominion or ownership should be considered. See *Díaz* v. *Annexy,* 46 P.R.R. 354, and the cases therein cited. But even conceding that the question raised by the parties is one of possession, we have already said that we are not convinced that the plaintiff Josefa Vázquez Colón has been in the actual possession of the parcel of land to which the complaint refers, or that the same has been taken away from her by the defendant Carlos Díaz in a violent manner, as alleged; and in these circumstances there is lacking a sound basis on which to sustain the complaint in the instant case.''

In view of the evidence introduced, we do not think that any other judgment than the one entered by the trial court would have been proper. It is a common practice to attribute prejudice or passion to the trial judge in the weighing of the evidence. We wish to state that this charge is in no other case less justified than in the present one. The evidence is abundant and conflicting; the opinion of the court below, fair, dispassionate, and serene. Its conclusions seem correct to us, inasmuch as in view of the evidence it is not possible to reach the conclusion that the plaintiff has proved

her allegations. The evidence for the defendant, on the other hand, seems to show that he has been in possession of the claimed parcel of land for a period greater than one year from the date on which the complaint was filed. Marcelo Cruz, the vendor of the property of thirteen acres to Josefa Vázquez, was not the only person to testify that the plaintiff has not been disturbed nor annoyed by the defendant Carlos Díaz in the possession of her land, and that the said defendant had been in possession for a long time of the three acres the object of this litigation. There were other witnesses who testified to the same effect. The evidence for the defendant tends to show that the property of thirteen acres was sold to the plaintiff in 1931, and that prior thereto Carlos Díaz had cultivated the said three acres, where he has raised more than six crops. According to this evidence, the possession of this parcel on the part of Carlos Díaz began some years ago, said land not being comprised within the property of the plaintiff. We think that the lower court did not err in holding, in view of the evidence introduced, that there was lacking a sound basis on which to sustain the complaint.

The judgment appealed from must be affirmed.